JOHN D. DOYLE *vs.* JOHN RALPH alias *et al.*

APRIL 9, 1928.

PRESENT, Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of trespass and eject-
ment. The declaration alleged that defendants entered
upon plaintiff's land and wrongfully detained possession of it.
The plea was the general issue. After trial in the Superior
Court the jury rendered a general verdict for plaintiff and
answered only one of two special findings submitted to
them. The case is before this court on defendants' bill of
exceptions.

Plaintiff and defendants own adjoining lots of land
located on the southerly side of Simmons street in the city
of Newport. Plaintiff's land is east of defendants. Plain-
tiff purchased his house and lot June 22, 1904 and defendants
purchased theirs April 17, 1902. Each party has lived on
his land since its purchase. The division line between their
lands is 66.42 feet.

When defendants purchased their land in 1902 there was
a solid board fence between their land and that of plaintiff's
grantor. This fence remained intact until 1918 when
defendants cut off and removed the portion of the fence
above its lower stringer for a distance of 31 feet southerly
from the street. In 1921 defendants replaced this 31 feet
of fence by building a new picket fence. Plaintiff, claiming
that all of the division fence was on his land, brought this

action. The defense was (1) that defendants built the 31 feet of new fence on the line of the old fence which they had removed; (2) that defendants never disturbed the location of the remainder of the fence. Several witnesses testified in support of the claims of each party. A civil engineer, called as a witness by plaintiff, testified that he made a survey to locate the westerly line of plaintiff's land and produced a plat of the same. This plat showed a dotted line as the "property line by deed" of plaintiff and a solid line as "present fence". The engineer's testimony was to the effect that the new fence was on the plaintiff's land 6 inches at its northwest corner on Simmons street, 11 inches at a point 31 feet from the street where the new fence joined the old fence at a post; that at this point the old fence was 12 inches on plaintiff's land and about 7 inches at the southwest corner of plaintiff's land.

Defendants submitted several requests to charge. The 12th request was, in substance, that, if plaintiff made no objection to the location of the fence as it originally stood from the time he purchased his land until the defendants built the new section of the fence, the jury could find that plaintiff acquiesced in and recognized the location of the fence as occupying the true boundary and division line. The 9th request was, in substance, that if the jury find that defendants did not construct the southerly portion of the fence and did not change its location, plaintiff cannot recover. The 7th request was that, if the jury find that the division fence extending 31 feet southerly from Simmons street now stands on the same line as that portion of the old fence which was removed, plaintiff cannot recover. These requests to charge were denied and their denial is the reason for the 3rd exception. The requests were supported by defendants' evidence and should have been granted and their denial was prejudicial error.

It is well settled that acquiescence in a boundary line, assumed or established for a period equal to that prescribed in the statute of limitations to bar an entry, is conclusive

evidence of an agreement to establish such a line and will preclude the parties from setting up the claim that the line so acquiesced in is not the true boundary. *O'Donnell* v. *Penney*, 17 R. I. 164. *Faulkner* v. *Rocket*, 33 R. I. 152, approved this case and held it to be reversible error to exclude testimony tending to prove recognition and acquiescence of an old fence as the true dividing and boundary line. In the instant case defendants were permitted to prove the fact of the existence of the old fence as a boundary line for at least sixteen years and were entitled to have the jury instructed in the law applicable to such a state of facts, as stated in their 12th request. See also *Aldrich et al.* v. *Brownell*, 45 R. I. 142. The law being as thus stated, defendants were also entitled to have their 7th and 9th requests to charge granted as their testimony was · to the effect that the 31 feet of new fence was built on the line of the old fence and that they had never disturbed the location of the remainder of the old fence.

At the close of the testimony both parties requested the trial justice to direct the jury to return special findings upon issues to be submitted to them as provided for in cap. 341, sec. 6, G. L. 1923. Plaintiff's issue, as allowed, was in substance: Is the correct boundary line between the plaintiff's and the defendants' land the "property line by deed" as shown by the dotted line on the plat and showing an encroachment of the fence on plaintiff's land? In his charge the trial justice instructed the jury to answer this issue. The answer was "Yes".

Defendants' second issue, as allowed, was: Does the old section of the fence at the present time stand in the same position as when plaintiff and defendants purchased their lands and took possession thereof? No reference was made to this issue in the charge of the trial justice and the jury did not answer it. Defendants denied that they had changed the location of this part of the old fence. The issue was a material one and having been allowed by the trial justice defendants had an absolute right to have it

submitted to the jury and answered by them. The failure to submit this material issue to the jury was error. *Reid* v. *R. I. Co.*, 28 R. I. 321.

Defendants urge their exception to the disallowance of their first issue. This issue presented the question whether defendants constructed the new section of the fence upon the same line which was formerly occupied by the old fence. This was the main issue in the case. The testimony upon it was conflicting. The issue should have been allowed by the trial justice and answered by the jury. The material issues in the case were these two issues submitted by defendants. The issue submitted by plaintiff would become immaterial if the jury found that the line of the old fence had been recognized and acquiesced in as the true dividing and boundary line for more than ten years.

As there must be a new trial of the case the exception to the denial of the motion for a new trial is immaterial.

Defendants' exceptions to the refusal of their 7th, 9th and 12th requests to charge and their exceptions to the disallowance of their 1st issue and to the failure to submit their 2nd issue for special findings are sustained; their other exceptions are overruled. The case is remitted to the Superior Court for the county of Newport for a new trial.

*Mortimer A. Sullivan*, for plaintiff.

*Max Levy*, for defendant.